IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-cr-146-A |
| | ) | |
| WILLIAM KENT SALTER | ) | |

RESPONSE TO MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and in response to the Motion to Suppress filed by the Defendant herein, the following is submitted:

1) The Montgomery police officers who stopped Mr. Salter did so because they had run his tag number and a records check revealed that tag was registered to another vehicle.

2) The police officers saw marijuana in the pocket of the door of the car as soon as Mr. Salter stepped from the vehicle. The discovery of the marijuana was the predicate of Mr. Salter's arrest and the vehicle was searched incident to his arrest.

3) The arrest of Mr. Salter was supported by probable cause that he was in violation of controlled substance statutes.

4) When an occupant of an automobile is the subject of a lawful arrest, the Fourth Amendment allows arresting officers to contemporaneously conduct a warrantless search not only of the occupant himself, but also of the passenger compartment of the automobile, as well as any closed (or open) containers found in this area of the automobile. Containers, in this context, refer to any object capable of holding another object and thus include an automobile's glove compartment

(whether locked or unlocked), as well as any containers found therein. United States v. Gonzalez, 71 F.3d 819 (11th Cir. 1996).

5) The police officers noticed Mr. Salter had a holster on his waistband but no pistol in it. Alabama law requires a person to have a valid pistol permit to carry a pistol in a car or concealed on their person, Title 13A-11-73 Code of Alabama 1975. The officers asked Mr. Salter if he had any guns in the car and he said he did. The officers then asked if he had a license to carry a pistol and he said it was expired. The officers seized two pistols.

6) The conduct of the police officers who arrested Mr. Salter was reasonable and his arrest was based upon their personal discovery of marijuana in his possession. The seizure of the pistol named in the indictment was lawful both as a search incident to arrest as well as a proper inventory search.

Wherefore, premises considered, the United States submits that the Motion to Suppress is due to be denied.

Respectfully submitted this the 12th day of August, 2005.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
Bar Number: ASB-3094-U62K
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-cr-146-A |
| | ) | |
| WILLIAM KENT SALTER | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin L. Butler and Donnie Bethel.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
Bar Number: ASB-3094-U62K
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov